UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:23-cr-9-TPB-KCD

DENIS CASSEUS,

    Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Denis Casseus's motion for compassionate release, filed on January 24, 2024. (Doc. 62). On February 21, 2024, the Government filed its response. (Doc. 70). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On October 20, 2023, the Court sentenced Defendant to 24 months' imprisonment after he pleaded guilty to two count of bank fraud and one count of illegal monetary transaction.[1] Defendant, who is now 45 years old, is currently incarcerated at FPC Pensacola in Pensacola, Florida, and he is projected to be released on August 22, 2025.

The motion seeks to reduce Defendant's sentence based on changed family circumstances. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes

---

[1] The charges were based on the submission of two fraudulent PPP loan applications to a financial institution seeking loans through the SBA on behalf of two purported businesses that Defendant claimed to the be president and registered agent of. In total, Defendant's false and fraudulent representations caused the approval of a total of $298,875.00 in PPP loans for the two businesses, which he transferred into a personal bank account and used to purchase real property located in Cape Coral, Florida.

referred to as "compassionate release." A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because the motion fails to demonstrate any extraordinary and compelling reason warranting a modification of his sentence.[2]

As an initial matter, it does not appear that Defendant has exhausted his administrative remedies. This alone provides a basis to deny relief. Another more significant issue is that this motion does not appear to have actually been filed by Defendant. Instead, his partner and codefendant – Ismaelle Manuel – signed the motion for compassionate release and filed it herself. In a letter attached to the motion, Ms. Manuel acknowledges that she is submitting the motion and the

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

proposed release plan.  The motion was not brought by Defendant, and he cannot be represented by his partner, who is not a lawyer.  ***Ms. Manuel should avoid engaging in the unauthorized practice of law, which is a separate crime in the state of Florida, by filing motions on behalf of other people.  See § 454.23, F.S. (unauthorized practice of law is a third-degree felony).***

Even if the Court were to consider the alleged changed family circumstances, however, the Court would not grant relief.  The motion (filed by Ms. Manuel) indicates that the caregiver of the defendant's minor children (the same person – Ms. Manuel) has become incapacitated, and Defendant is the only available caregiver, because Ms. Manuel is unable to withstand her mental health issues while working and caring for their five children.[3]  "[L]oved ones are often adversely impacted by a family member's incarceration, and must make necessary and inconvenient life adjustments during that individual's incarceration.  These often-unavoidable consequences, however, do not create extraordinary circumstances[.]" *United States v. Gonzalez*, No. 17-cr-60333-BLOOM, 2021 WL 4066897, at *5 (S.D. Fla. Sept. 7, 2021).

Although Ms. Manuel may be facing challenges, there has been no showing that she is incapacitated and there are no other available caregivers.  In fact, the proposed release plan has Ms. Manuel taking a leading role in assisting Defendant

---

[3] The Court notes that as part of Ms. Manuel's sentence, the Court ordered her to participate in a mental health treatment program (outpatient or inpatient) and follow the probation officer's instructions.  *See United States v. Manuel*, No. 2:23-cr-3-TPB-KCD, Doc. 67 at 5 (M.D. Fla).

as he transitions back to society after being release.[4]  In addition, Ms. Manuel states that one of their adult children will also be able to offer assistance, demonstrating that Defendant is not the only available caregiver.  *See United States v. Streeter*, No. 3:18-cr-76-TJC-LLL, 2023 WL 130751, at *2 (M.D. Fla. Jan. 9, 2023) (Corrigan, J.) (noting that courts often consider whether the inmate is the only feasible caretaker and collecting cases).

***The Court also considered the caretaking issues at sentencing when imposing a very generous, "below guideline" sentence of time served, with five years of supervised release, for Ms. Manuel, which allowed a parent to remain with the four minor children.*[5]**

Finally, even if there was an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case.[6]  Defendant was convicted of a serious offense, and he has served a very small portion of his sentence (around three months of his twenty-four month sentence).  Considering Defendant's history and

---

[4] Ms. Manuel indicates that she secured a job as a med tech/CAN, that she will be starting classes in a business administration program in March 2024, and that she will be able to help with childcare duties, such as taking her son to school.

[5] Ms. Manuel had a total offense level of 18, criminal history category of I, with a guideline range of 27-33 months incarceration.  *See Manuel*, 2:23-cr-3-TPB-KCD (M.D. Fla).

[6] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes her ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in her physical or mental health, and she has served at least 10 years or 75% of her prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

characteristics, and given the seriousness of Defendant's crime, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense. Consequently, the motion for compassionate release is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 19th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**