UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.: 2:23-cr-9-KCD-DNF

DENIS CASSEUS,

    Defendant,
_____/

## ORDER

Defendant Denis Casseus has moved for early termination of his supervised release. (Doc. 94.) The Government opposes the request. Because Defendant has not met the statutory time requirement, and because the interests of justice do not support early termination at this stage, the motion is **DENIED**.

The first hurdle here is the calendar. Federal law sets a clear timetable for when a defendant may seek to end their supervision early. Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release, but only "after the expiration of one year." This statutory floor is not merely a suggestion. *See, e.g.*, *United States v. Davis*, No. CRIM.A.3:99CR88-01, 2008 WL 3271807, at *1 (W.D. Ky. Aug. 7, 2008).

Defendant began his three-year term of supervised release on February 18, 2025. (Doc. 94 at 1.) He filed this motion on November 7, 2025, and it is

now January 14, 2026. Simple arithmetic tells us that Defendant's motion is premature. The statute explicitly requires the expiration of one year before a court may entertain terminating supervision. Consequently, the Court lacks the authority to grant the relief Defendant seeks. *See, e.g.*, *United States v. Ushamba*, No. 19-20012-01-DDC, 2024 WL 3471344, at *1 (D. Kan. July 19, 2024)

Even if the Court were to look past the calendar, the result would be the same. The statute directs courts to consider the "interest of justice" and specific sentencing factors. 18 U.S.C. § 3583(e)(1). Here, the sentencing judge laid out a roadmap for Defendant regarding early termination. The Court explicitly noted the restitution owed—$116,495.45—and told Defendant: "[i]f you get it paid off early, there's a possibility of early termination, if everything is paid. That's an incentive to get it paid." (Doc. 95 at 5.) Defendant has made payments, which is good. But he still owes approximately $114,000. (*Id.*) Terminating supervision while the vast majority of that debt remains unpaid would undermine the specific deterrence and restitution goals of the original sentence.

Finally, Defendant argues that he has reintegrated into the community, maintained employment, and followed the rules. (Doc. 94 at 1.) This is commendable, but it is also what the law requires. Compliance with

the conditions of release is the baseline expectation for every defendant, not a bonus for which early termination is the automatic reward.

Defendant's request is, at bottom, premature. Congress has set a statutory floor of one year for early termination eligibility—a threshold Defendant has not yet crossed. Because the Court currently lacks the authority to grant the relief sought, and because the interests of justice do not otherwise warrant cutting the supervision term short, Defendant's motion fails.

**ORDERED** in Fort Myers, Florida on January 14, 2026.

Kyle C. Dudek
United States District Judge